UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS S. COX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-305 CAS |
| FRANK TILL, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court on review of a document filed by pro se plaintiff Lewis S. Cox that has been construed as a civil complaint brought pursuant to 42 U.S.C. § 1983. (Docket No. 1). For the reasons discussed below, the Court will transfer this action to the United States District Court for the Western District of Missouri.

### Background

Plaintiff is an inmate currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. On February 25, 2019, he filed a document entitled "Verified Criminal Complaint and Affidavit of Facts." This filing purports to be an affidavit of probable cause in support of plaintiff's allegation that Detective Frank Till violated the United States Code. (Docket No. 1 at 1). This document has been treated as a civil action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or filed a motion to proceed in forma pauperis.

Plaintiff's complaint alleges that Detective Till of the St. Joseph, Missouri, Police Department, obstructed a criminal investigation and obstructed justice by failing to contact or question certain witnesses involved in plaintiff's criminal case.[1] (Docket No. 1 at 1-2). He further

---

[1] The case is *State of Missouri v. Lewis*, No. 14BU-CR02408-01 (5th Jud. Cir., Buchanan County, Missouri).

states that Detective Till failed to collect certain DNA evidence in a timely manner and committed perjury by giving false testimony under oath. (Docket No. 1 at 2). Attached to the complaint are various documents, including a letter plaintiff wrote to his public defender; a laboratory analysis request directed to the Missouri State Highway Patrol; a Highway Patrol report on DNA evidence; and transcripts from a court proceeding.

## Discussion

Plaintiff has not alleged proper venue in this case. Venue over civil actions properly lies only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b). If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In the instant action, venue properly lies in the Western District of Missouri. The sole defendant, Detective Till, is alleged to be a police officer for the St. Joseph Police Department. The criminal investigation of which plaintiff complains likewise took place in St. Joseph, Missouri. St. Joseph is located in Buchanan County, which is in the Saint Joseph Division of the Western District of Missouri. *See* 28 U.S.C. § 105(b)(3). There is no indication that any defendant lives in the Eastern District of Missouri, nor is there any indication that any part of plaintiff's case took place here. Therefore, this action will be transferred to the United States District Court for the Western District of Missouri.

2

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of June, 2019.